MECHANICS AND TRADERS' BANK, Appellant, v. GLASER BROS., Garnishees of D. H. DOWNS *et al.*, Respondents.

St. Louis Court of Appeals, April 1, 1890.

Costs: STENOGRAPHER'S FEE. A garnishment proceeding is not "a case" within the meaning of the act of 1887 for the taxation in every case of a stenographer's fee of three dollars, and such fee is accordingly not taxable as costs in such a proceeding.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED. ·

*David Goldsmith*, for the appellant

THOMPSON, J., delivered the opinion of the court.

The question for decision upon this record is, whether the fee of three dollars allowed by section 4 of the act of March 31, 1887 ( Laws of 1887, page 146 ), can be taxed, in a proceeding by garnishment, as though it were a separate suit. The circuit court held that it could be so taxed, and the plaintiff has appealed from the decision. We are of opinion that it cannot be so taxed. Section 3 of the act provides for the payment of a salary to the court stenographers therein provided for, and also allows them compensation for writing long-hand transcripts of their notes. Section 4 is as follows: "In every case ( except in suits by the state for the collection of delinquent taxes ), now or hereafter pending in any circuit court or division thereof, where an official stenographer is appointed, the clerk of said court shall tax up the sum of three dollars, to be collected as other costs, and thereupon to be paid by said clerk to the city treasurer to apply to the payment of salary of such stenographers as above." This court is of opinion that a proceeding by garnishment in an attachment suit is not a "case" within the meaning of the above statute. That it is a mere auxiliary proceeding, depending on the principal proceeding in which it is instituted, is abundantly shown by the statute creating and defining it. R. S. 1879, sec. 2531. It is not a suit or separable controversy within the meaning of the acts of congress allowing causes to be removed from the state courts to the federal courts. *Weeks v. Billings*, 55 N. H. 371 ; *Pratt v. Albright*, 9 Fed. Rep. 634; *Buford v. Strother*, 10 Fed. Rep. 406 ; *Poole v. Thatcherdeft*, 19 Fed. Rep. 49. The right of costs is entirely conferred by statute. It is contrary to the policy of the law to enlarge such statutes by loose construction so as to build up constructive fees, since, as experience shows, the practice of taking

these fees has a tendency to grow insensibly, even where the courts construe the statutes granting them strictly.

The order appealed from will be reversed and the cause remanded. All the judges concur.